Wanda R. MANNING

v.

FOODARAMA, INCORPORATED
(d/b/a/ Metro Foods)

No. CIV. CCB–01–1246.

United States District Court,
D. Maryland.

April 22, 2002.

Wanda R. Manning, Baltimore, MD, Pro se.

Edward J. Gutman, Semmes Bowen and Semmes PC, Baltimore, MD, for Defendant.

## MEMORANDUM

BLAKE, District Judge.

Now pending before this court is defendant Foodarama, Incorporated's (d/b/a/ Metro Foods)("Foodarama's") motion for summary judgment. Plaintiff Wanda R. Manning, who is proceeding *pro se*, has brought a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, alleging employment discrimination on the basis of race. Ms. Manning filed a complaint in this court on April 25, 2001, and Foodarama moved for summary judgment on September 20, 2001. This matter has been fully briefed and no hearing is necessary. *See* Local Rule 105.6. For the reasons stated below, the court will grant defendant's motion.

## BACKGROUND

Ms. Manning is an African–American who has been employed with Foodarama since June 1992. In 1995, she was transferred to the Liberty Road Metro Foods store, where she came under the supervision of a Caucasian supervisor. According to Ms. Manning, her performance at work was satisfactory up until her discharge on April 2, 1999. (Opp. to Mot. at 1; Compl. at ¶ 4.)

In her complaint, Ms. Manning complains of three specific instances of alleged discrimination. First, she complains of her April, 1999 discharge. Although the circumstances behind her discharge are not illuminated in the complaint itself, Ms. Manning provides more information in her opposition. According to Ms. Manning, "[o]n March 16, 1999 I and another employee, both black, engaged in a physical argument. John Purvis fired both of us. I realized that two other employees (one was white) who had a fight in the same store had not been fired." (Pl.'s Opp. at 2.)[1] In essence, Ms. Manning is alleging a

---

1. In her deposition she described the fight as involving profanity, pushing, slapping, hitting, and her co-workers having to pull the two combatants apart. (Manning Dep. at 45–47.)

claim of disparate treatment on the basis of race.

Second, Ms. Manning alleges that she was denied a promotion on the basis of race in June 1998. (Compl. at ¶ 4.) In her opposition, Ms. Manning states that a managerial position became available at that time. After she expressed interest in the position, her manager, John Purvis, "discouraged" her from "wanting" the position because it was only part-time. (Pl.'s Opp. at 2.) Ms. Manning states, "[a]lthough I still wanted the job, Mr. Purvis gave it to a less qualified white employee with less seniority." (*Id.*) She alleges that after Purvis promoted the Caucasian employee, the position was made full-time. (*Id.*)

Third, Ms. Manning alleges that her manager once wrongfully refused to schedule her for an extra day of work when one became available. (Compl. at ¶ 4.) According to Ms. Manning, in November 1998 a white employee was given the opportunity to work the extra day, even though that employee had less seniority. (Pl.'s Opp. at 2.) When she filed a grievance with her union, Foodarama eliminated the extra day and the grievance was never acted upon. (*Id.*)

### *Standard of Review*

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some*

alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir.1988). The court must "view the facts and draw reasonable inferences in a light most favorable to the nonmoving party," *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir.1994), but it also must abide by its affirmative obligation to ensure that factually unsupported claims and defenses do not proceed to trial. *Felty v. Graves–Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir.1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

### *ANALYSIS*

 In its motion, Foodarama argues that summary judgment should be granted with respect to the "failure to promote" claim and the "failure to schedule" claim because Ms. Manning failed to raise either of them in her administrative charge of discrimination with the EEOC. (Def.'s Mot. at 15–17.) Foodarama is correct that the plaintiff's suit in this court is limited to those claims stated in the EEOC charge, and the scope of the administrative investigation that could reasonably be expected to follow the charge. *Chisholm v. U.S. Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981). Title VII suits are limited to claims raised in EEOC charges because "[a]llowing a complaint to encompass allegations

outside the ambit of the predicate EEOC charge circumvents the EEOC's investigatory and conciliatory role." *Riley v. Technical and Mgmt. Svcs. Corp., Inc.*, 872 F.Supp. 1454, 1459 (D.Md.1995); *see also Nicol v. Imagematrix, Inc.*, 767 F.Supp. 744, 752 (E.D.Va.1991).

In the current case, Foodarama has submitted to the court a copy of the formal "Charge of Discrimination" which was executed by Ms. Manning on November 1, 1999. (Def.'s Mot. Ex. 13.) The charge describes the facts related to the wrongful termination claim described above, but makes no mention whatsoever of the "failure to promote" or the "failure to schedule" claim. Because Ms. Manning failed to raise these claims in the EEOC charge, thereby failing to exhaust her administrative remedies, judgment will be granted on both the "failure to promote" and the "failure to schedule" claims.

■ Next, with respect to the wrongful termination claim, Foodarama argues that Ms. Manning has failed to establish a *prima facie* case. (Def.'s Mot. at 10–15.) According to the Fourth Circuit,

> [t]o establish a prima facie case of racial discrimination in the enforcement of employee disciplinary measures under Title VII, the plaintiff must show: (1) that he is a member of the class protected by Title VII, (2) that the prohibited conduct in which he engaged was comparable in seriousness to misconduct of employees outside the protected class, and (3) that the disciplinary measures enforced against him were more severe than those enforced against these other employees.

*Cook v. CSX Trasp. Corp.* 988 F.2d 507, 511 (4th Cir.1993) (*citing Moore v. City of Charlotte*, 754 F.2d 1100, 1105–06 (4th Cir. 1985)). If the plaintiff is able to prove a *prima facie* case, the familiar *McDonnell Douglas* burden shifting scheme is invoked. *Id.; McDonnell Douglas Corp. v.*

*Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). The burden of going forward then shifts to the employer to articulate a non-discriminatory reason for the difference in disciplinary enforcement. *Id.* If the employer is able to articulate such a non-discriminatory reason, the burden shifts back to the plaintiff to show that the articulated reason is pretextual. *Id.; see also Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 2108–09, 147 L.Ed.2d 105 (2000)(clarifying evidentiary burdens as set forth under *McDonnell Douglas* ).

■ Defendant argues that plaintiff cannot make out the second element of the *prima facie* case: that the prohibited conduct in which she engaged was comparable in seriousness to misconduct of employees outside the protected class. Comparing discipline for comparable offenses, instead of strictly identical offenses, "reflects an understanding both of the need to compare only discipline imposed for like offenses in sorting out claims of disparate discipline under Title VII and of the reality that the comparison will never involve precisely the same set of work-related offenses occurring over the same period of time and under the same set of circumstances." *Cook*, 988 F.2d at 511. Accordingly, "[t]his mandate sets for lower federal courts the difficult, but not unfamiliar, task of assessing the gravity of offenses on a relative scale." *Moore*, 754 F.2d at 1107.

Ms. Manning indeed has failed to set forth a *prima facie* case because she does not demonstrate that her misconduct is comparable to instances of misconduct of employees outside the protected class. She notes a single alleged physical altercation between an African–American and a Caucasian employee that occurred roughly two years prior to her discharge. (Pl.'s Opp. at 2.) Apparently, neither combatant in the earlier incident was fired. (*Id.*) Ms.

Manning thus urges the court to find, because she was fired, that she was disciplined more harshly on the basis of her race.

The evidence submitted by Ms. Manning, however, is insufficient to allow a reasoned conclusion that the two instances are comparable. All that Ms. Manning has submitted to the court is that two years earlier, there was a physical confrontation between two employees that took place in front of the "dairy section," and another employee intervened and stopped the confrontation. (Def.'s Opp. Ex. 1.) No details about the cause of the incident, the extent of the physical contact, or the injuries suffered was submitted. Therefore it is impossible, given the dearth of information about this single incident, to deem it of comparable seriousness.

Moreover, even if Ms. Manning could show that the two episodes were virtually identical, it is typically not permissible to infer the existence of disparate discipline by comparison with one single prior event. *Cook*, 988 F.2d at 512. Accordingly, "[t]he question confronting a judge faced with determining whether a prima facie case under Title VII has been made is whether the record as a whole gives rise to a reasonable inference of racially discriminatory conduct by the employer." *Id.* No such inference could be made here. *See Carter v. Ball,* 33 F.3d 450, 460–61 (4th Cir.1994)(finding that plaintiff had presented insufficient evidence demonstrating that offenses for which other employees had been disciplined were of comparable seriousness).

In conclusion, because Ms. Manning has failed to set forth evidence that could convince a reasonable jury that she was the victim of disparate disciplinary practices, her Title VII claim fails.

A separate Order follows.

### *ORDER*

For the reasons stated in the accompanying Memorandum, it is hereby Ordered that:

1. defendant Foodarama, Incorporated's motion for summary judgment is **GRANTED**;

2. copies of this Order and the accompanying Memorandum shall be mailed to plaintiff and to counsel of record; and

3. the clerk of the court shall **CLOSE** this case.